TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Brooke Grandil*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brooke Grandil, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company; Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC, a Georgia corporation, Chase Bank USA, N.A., a national association, and Bank of America, N.A., national association. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, BROOKE GRANDIL, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, plead as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Gilbert, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc., ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   c. Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona;

    d. Chase Bank USA, N.A., ("Chase"), which is a national association that maintains offices in Maricopa County, Arizona; and

    e. Bank of America, N.A., ("BOA"), which is a national association that maintains offices in Maricopa County, Arizona.

## **GENERAL ALLEGATIONS**

6. Defendant Chase is improperly reporting a trade line with account number 465192728* ("Errant Trade Line 1") with an incorrect status of 120 days past due on Plaintiff's Equifax and Trans Union credit files.

7. Defendant BOA is improperly reporting a trade line with account number 14935**** ("Errant Trade Line 2") with an incorrect balance of $51,380.00, past due amount of $29,671.00, and a status of "open" on Plaintiff's Experian credit file.

8. Errant Trade Line No. 1 is regarding Plaintiff's mortgage. Errant Trade Line Number 2 is regarding Plaintiff's second mortgage. The house, which is the subject of both Errant Trade Lines, was located in Arizona and foreclosed on in 2011.

9. On or about February 11, 2015, Plaintiff obtained her Experian credit file and noticed both Errant Trade Lines.

3

10. On or about May 4, 2015, Plaintiff obtained her Trans Union credit file and noticed both Errant Trade Lines.

11. On or about May 5, 2015, Plaintiff obtained her Equifax credit file and noticed both Errant Trade Lines.

12. On or about June 17, 2015, Plaintiff, through counsel, submitted letters to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), disputing both Errant Trade Lines and explaining that the mortgage which was the subject of both Errant Trade Lines was foreclosed on in 2011. Plaintiff attached copies of the Notice of Trustee's Sale and the Trustee's Deed Upon Sale, which confirmed the same and stated that no deficiency balance was owed pursuant to the Arizona Anti-Deficiency laws.

13. Plaintiff's June 2015 letters to the CRAs also asked that the status of "Over 120 days past due" be removed from Errant Trade Line Number 1, and that the balance, past due amount, and "open" status be removed from Errant Trade Line Number 2.

14. On or about June 22, 2015, Plaintiff received Equifax's results of the investigation, which showed that Chase retained the status of "Over 120 days past due" on Errant Trade Line Number 1. Equifax was not reporting Errant Trade Line Number 2.

15. On or about June 22, 2015, Plaintiff received Trans Union's results of the investigation, which showed that Chase retained the pay status of "Account 120 days past due" on Errant Trade Line Number 1.  This also showed that Bank of America deleted Errant Trade Line Number 2 from Plaintiff's Trans Union credit file.

16. On or about June 26, 2015, Plaintiff received correspondence from Experian, which stated that it was contacting the furnisher of the information and would send Plaintiff results of the investigation once it completed processing the dispute.

17. On or about June 30, 2015, Plaintiff received Experian's investigation results, which showed that Bank of America retained the balance of $51,380, the past due amount of $29,671.00, and the "open" status on Errant Trade Line Number 2.  However, this showed that Chase updated the status on Errant Trade Line Number 1 to "foreclosed."

18. On or about July 1, 2015, Plaintiff received another investigation result from Trans Union, which showed that Chase retained the incorrect status of "Account 120 days past due."

# COUNT I

## NEGLIGENT VIOLATION OF THE
## FAIR CREDIT REPORTING ACT BY CHASE

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by the CRAs of Ms. Grandil's consumer dispute regarding Errant Trade Line 1, Chase negligently failed to conduct a proper reinvestigation of Ms. Grandil's dispute as required by 15 USC 1681s-2(b).

21. Chase negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct the CRAs to remove Errant Trade Line 1.

22. Errant Trade Line 1 is inaccurate and creating a misleading impression on Ms. Grandil's consumer credit file with the CRAs, to which Chase is furnishing Errant Trade Line 1.

23. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Ms. Grandil has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. Chase is liable to Ms. Grandil by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Ms. Grandil has a private right of action to assert claims against Chase arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Chase for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by the CRAs that Ms. Grandil disputed the accuracy of the information it was providing, Chase willfully failed to conduct a proper reinvestigation of Ms. Grandil's dispute.

28. Chase willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Chase's willful failure to perform its respective duties under the FCRA, Ms. Grandil has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Chase is liable to Ms. Grandil for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BOA

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. After being informed by the CRAs of Ms. Grandil's consumer dispute regarding the Errant Trade Line, BOA negligently failed to conduct a proper reinvestigation of Ms. Grandil's dispute as required by 15 USC 1681s-2(b).

33. BOA negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove Errant Trade Line 2.

8

34. Errant Trade Line 2 is inaccurate and creating a misleading impression on Ms. Grandil's consumer credit file with the CRAs, to which BOA is furnishing Errant Trade Line 2.

35. As a direct and proximate cause of BOA's negligent failure to perform its duties under the FCRA, Ms. Grandil has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. BOA is liable to Ms. Grandil by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

37. Ms. Grandil has a private right of action to assert claims against BOA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against BOA for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE
### FAIR CREDIT REPORTING ACT BY BOA

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. After being informed by the CRAs that Ms. Grandil disputed the accuracy of the information it was providing, BOA willfully failed to conduct a proper reinvestigation of Ms. Grandil's dispute.

9

40. BOA willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

41. As a direct and proximate cause of BOA's willful failure to perform its respective duties under the FCRA, Ms. Grandil has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

42. BOA is liable to Ms. Grandil for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against BOA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Grandil as that term is defined in 15 USC 1681a.

45. Such reports contained information about Ms. Grandil that was false, misleading, and inaccurate.

46. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Grandil, in violation of 15 USC 1681e(b).

47. After receiving Ms. Grandil's consumer disputes to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

48. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Grandil has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

49. Experian is liable to Ms. Grandil by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

50. Plaintiff realleges the above paragraphs as if recited verbatim.

11

51. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Grandil as that term is defined in 15 USC 1681a.

52. Such reports contained information about Ms. Grandil that was false, misleading, and inaccurate.

53. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Grandil, in violation of 15 USC 1681e(b).

54. After receiving Ms. Grandil's consumer dispute regarding Errant Trade Line 2, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

55. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Grandil has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

56. Experian is liable to Ms. Grandil by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Grandil as that term is defined in 15 USC 1681a.

57. Such reports contained information about Ms. Grandil that was false, misleading, and inaccurate.

58. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Grandil, in violation of 15 USC 1681e(b).

59. After receiving Ms. Grandil's consumer disputes to Errant Trade Line 1, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i

60. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Grandil has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

61. Equifax is liable to Ms. Grandil by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

62. Plaintiff realleges the above paragraphs as if recited verbatim.

63. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Grandil as that term is defined in 15 USC 1681a.

64. Such reports contained information about Ms. Grandil that was false, misleading, and inaccurate.

65. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Grandil, in violation of 15 USC 1681e(b).

66. After receiving Ms. Grandil's consumer dispute regarding Errant Trade Line 1, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

67. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Grandil has suffered actual damages, mental anguish, suffering, humiliation, and embarrassment.

68. Equifax is liable to Ms. Grandil by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

69. Plaintiff realleges the above paragraphs as if recited verbatim.

70. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Grandil as that term is defined in 15 USC 1681a.

71. Such reports contained information about Ms. Grandil that was false, misleading, and inaccurate.

72. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Grandil, in violation of 15 USC 1681e(b).

73. After receiving Ms. Grandil's consumer disputes regarding Errant Trade Line 1, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

74. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Grandil has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

75. Trans Union is liable to Ms. Grandil by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

76. Plaintiff realleges the above paragraphs as if recited verbatim.

77. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Grandil as that term is defined in 15 USC 1681a.

78. Such reports contained information about Ms. Grandil that was false, misleading, and inaccurate.

79. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Grandil, in violation of 15 USC 1681e(b).

80. After receiving Ms. Grandil's consumer disputes regarding Errant Trade Line 1, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

81. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Grandil has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

82. Trans Union is liable to Ms. Grandil by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 13, 2015                    KENT LAW OFFICES


By: */s/ Trinette G. Kent*
Trinette G. Kent

Attorneys for Plaintiff,
Brooke Grandil